Timmy O'Neil Charity
James T. Vaughn Corr. Center
1181 Paddock Road
Smyrna, DE  19977

In Pro Se'

Delaware SBI # 205660
California CDC # C-31175



FILED

AUG 1 6 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                      DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Timmy O'Neil Charity,
        Petitioner,

    V.

Perry Phelps, Warden, JTVCC,
Secretary Calif. Department
of Corrections and Rehab.,
        Respondents.

Case # '08 CV 1530 JLS WMC

Habeas Corpus Petition
Pursuant to 28 USC §2241

Comes now, Timmy O'Neil Charity, petitioner in the above titled action, asking this most honorable Court to accept this motion for a writ of habeas corpus, pursuant to 28 USC, § 2241, regarding the Term/ Credit Computation Sheets where a minimum release date of December 29, 1990 is given, and a maximum release date of October 25, 1995 is given.

## STATEMENTS OF FACTS

1) Petitioner is charged with murder in the second

degree, Penal code, (PC), section 187.

2) Pled guilty to one (1) count of second degree Murder, PC, §187, in the San Diego Superior Court on April 9, 1981, case number 52848.

3) Petitioner was sentenced on May 27, 1981 to a sentence of 15 years to life, and a $5,000.00 (five-thousands) dollars fine to be paid once released or sooner.

4) Petitioner was represented by Jose E. Tafolla, attorney of the San Diego Public Defenders Office.

5) Petitioner did not appeal conviction, as it was the result of a plea agreement.

6) Petitioner exhausted State Court remendy on July 16, 2008 with the California Supreme Court, enbanc.

7) Petitioner has a case pending in the U.S. District Court, Eastern District of California, CIV S-04-0444 GEB GGH, regarding DNA testing for registration; United States Supreme Court, case number 08-5013, regarding the 2001 and 2005 parole hearings.

8) Petitioner is presently incarcerated at the James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977, via the Interstate Compact Agreement between the States of California and Delaware as of April 3, 1997.

GROUND ONE:  THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION HAS BREACHED THE IMPLICIT AND EXPLICITS TERMS OF THE PLEA AGREEMENT TO SECOND DEGREE MURDER — A DUE PROCESS VIOLATION AND AN EQUAL PROTECTION VIOLATION UNDER THE FOURTEENTH AMENDMENT.

On June 3rd, 1981, petitioner was committed to the California Department of Corrections,(CDCR), and on June 9, 1981, the first of three (3) Term/Credit Computation sheets were calculated, reflecting petitioner's minimum eligible parole date, (MEPD), of December 29, 1990, and a maximum release date of October 15, 1995. (See: Exhibit 'A', Term/Credit Computation sheets).

The documents are dated seven (7) years apart; with the first being June 9th, 1981 at the California Institute for Men, (CSP-Chino, CIM), March 1st 1988 at SACCO, the main office of the CDCR, and the third, October 6th, 1988 at the Correctional Training Facility, (CSP-Soledad); which eliminates error. Had the maximum date of October 15th 1995 been wrong, surely the CDCR would have corrected it. The CDC established the maximum release date of October 15, 1995, in accordance with their procedure, creating a state created liberty interest.

The dates coincide with the understanding petitioner received from the Bench Judge and petitioner's attorney, regarding the plea agreement to second degree murder, and the punishment of such. Petitioner is of common intelligence and should not have to guess at the meaning of the actions of the CDCR. U.S. v. Makowski, 120 F.3d. 1078 (9th Cir. 1997); In re Moser, 6 Cal. 4th 342 (1993).

"The minimum term for parole eligibility must be deemed a direct, rather than a collateral consequence of the guilty plea." People v. Huynh, 229 Cal. App. 3d. 1067 (6th Dist. 1991).

"An attack on the execution of a sentence may also challenge the validity of parole procedures." McIntosh v. U.S. Parole Commission, 809 F.3d. (10th Cir. 1997); Young v. Kenny, 907 F.3d. 874 (9th Cir. 1990).

Petitioner has had eight (8) parole hearings, and each have found petitioner unsuitable for parole. Petitioner has been denied by the Courts to as to the challenge of these hearings.

The parole board is not at issue, but those that brokered the plea agreement, namely the San Diego Superior Court, the San Diego District Attorney, and petitioner's attorney. At sentencing, the Bench Judge informed petitioner of the consequences of a violation of parole,

-4-

but at no point stated the parole board was the governing authority to enforce the plea agreement. (See: Exhibit 'B', Excerpts-Sentencing Transcripts). U.S. v. Anderson, 970 F.2d. 602 (9th Cir. 1992).

Petitioner is now serving on the twenty-eighth (28th) year of the plea for second degree murder, equalling the amount of time which starts first degree murder punishment. The plea agreement was to the charge of second degree murder, with a sentence of 15 years-to-life, thereby giving weight to the amount of time petitioner would possibly serve.

Petitioner was led to believe that by accepting a plea to second degree murder, less time would be served, and petitioner would be accepting responsibility for the offense, and petitioner has accepted responsibility.

If second degree murder and first degree murder are considered equal as far as having only a mere hope of release, then the sentence is unconstitutional as it is extreme and disportionate to the crime for which petitioner was convicted. Dean v. U.S. 119 SCt. 430 (1980); Kercheval v. U.S., 47 S.Ct. 582 (1927) and U.S. v. Dubose, 146 F.3d. 1141 (9th Cir. 1998).

The sentence of 15 years-to-life, as viewed by the Courts is not unconstitutional on its

own, however, when a plea agreement is in place and valid, the sentence and enforcement of the plea is breached when the plea agreement is not honored, and that is cruel and unusual punishment under the Eighth Amendment.

At some point, the plea agreement must and <u>shall</u> be enforced, as the maximum release date of October 15th, 1995 has already been fixed and acknowledged by the CDCR. (See: Exhibit 'A', Term/Credit Computation Sheets).

Petitioner has exhausted all administrative remedies by way of CDC-602 Appeal and BPT-1040 Appeal. (See: Exhibit 'C', Appeal Forms). It is clear that the only relief lies with the only remaining party to the plea agreement, which is the judicial system. The setting of a maximum release date by the CDCR goes beyond the scope of a prisoner seeking the mere hope of being paroled, but gives credit to the expectation of release.

The CDCR, (CDC in 1981), did not accidently set a maximum release date of October 15, 1995, therefore the date should be given the same validity as that of the minimum eligible release date of December 29, 1990.

Petitioner's last parole hearing was July 17, 2008. Petitioner was denied parole for two (2) years, and is now waiting for the hearing transcripts.

Accordingly, when Petitioner was processed into the California Department of Corrections on June 3, 1981, the Board of Prison Terms and the California Department of Corrections did in fact set two (2) dates pretaining to release.

A minimum eligible release date of December 29, 1990 was established as documented on the Term/Credit computation sheets. Petitioner's first parole hearing was schedule for November 1989, keeping in accordance with the inmate actually serving the two-thirds of the sentence.

A maximum release date of October 15, 1995 was established, which is correct without any good-time being applied.

If a maximum release date had not been established on the initial reception into the department of Corrections, then it would be impossible for any type of date to be set using good-time, if in fact the sentence was one of life. Good time can only be applied and put into effect when there is a confirmed date, as with petitioner.

The Board of Prison Terms and the CDC, in accordance with the plea agreement, did in fact set a release date of October 15, 1995. (See: Exhibit 'E', CDC operations manuel, Chapter: 70000)

GROUND TWO:    THE CALIFORNIA COURT OF APPEAL FOR THE FOURTH APPEALLATE DISTRICT DENIED PETITIONER A FAIR AND CORRECT HEARING BY RULING ON AN ISSUE NOT PRESENTED — A DUE PROCESS VIOLATION UNDER FOURTEENTH AMENDMENT.

The California Court of Appeal for the Fourth Appeallate District ruled on petitioner's motion of habeas corpus as a challenged attack against a 'negotiated' plea. At no time in the petition to that Court did petitioner make that claim.

Petitioner stated what took place in the Court room on April 9, 1981 when the plea was accepted for second degree murder. Upon reception into the California Depart of Corrections on June 3, 1981, the Board of Prison Terms and the CDC set a minimum release date of December 29, 1990 and at maximum release date of October 15, 1995. (See: Exhibit "E", CDC Operations Manuel, Chapter: 70000, Subchapter: 73000, Section: 73030)

Petitioner's challenge is that the Board of Prison Terms and the CDC established a release date, and created a state derived liberty interest. Sandin v. Conner, 115 USSC 2293 (1995)... 'the BPT and the CDC have created an atypical hardship by not granting petitioner release, after a release date was set.'

-8-

The California Supreme Court ruled en banc, but cited no reasonable arguement as to why the writ was denied. The last order, from the Fourth Appellate District gave the only reason for denial, and is in error.


## PRAYER FOR RELIEF

Comes now, Timmy O'Neil Charity, who humbly ask this most honorable Court to issue an order that directs the California Department of Corrections and Rehabilitation, to immediately release petitioner from Custody, and any other such order the Court deems necessary in the interest of justice.


Dated: August 11, 2008

Timmy O'Neil Charity
Timmy O'Neil Charity
In Pro Se'

PROOF OF SERVICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Timmy O'Neil Charity,
                    Petitioner,
    v.                                         Case No. _____

Perry Phelps, Warden, DCC,                     Petition For Writ of
Secretary, Calif. CDCR,                        Habeas Corpus.
                    Respondents.

I hereby certify that on ___August 11, 2008___, I
served a copy of the attached motion, Petition For
Writ of Habeas Corpus ⟶ by placing a copy in a postage
paid envelope addressed to the person(s) herein after
listed, by depositing said envelope in the U.S. Mail at
the Delaware Correctional Center, 1181 Paddock Road,
Smyrna, Delaware 19977.

            Office of the Clerk
            United States District Court
            Southern District of California
            830 Front Street, Suite 4290
            San Diego, CA 92101

I declare under the penalty of perjury, that
the foregoing is true and correct.

                        Timmy O'Neil Charity
                        Timmy O'Neil Charity
                        Delaware SBI # 205660
                        California CDC # C-31175

TABLE OF CONTENTS

PG

GROUND ONE: The California Department of Corrections — 3
and Rehabilitation has breached the
implicit and explicit terms of the plea
agreement to second degree murder—A
due process violation and an equal
protection violation under the Fourteenth
Amendment.

GROUND TWO: The California Court of Appeal for the — 7
Fourth Appellate District denied petitioner
a fair and correct hearing by ruling on
an issue not presented— A due process
Violation under the Fourteenth Amendment.

PRAYER FOR RELIEF ———————————————— 8

EXHIBIT - 1 - California Supreme Court order
EXHIBIT - 1A —Court of Appeal, Fourth Appellate District — 7
              For California
EXHIBIT - A —Term/Credit Computation Sheets ———— 3,6
EXHIBIT - B —Excerpts, Sentencing Transcripts ———— 5
EXHIBIT - C —CDC 602 Appeal /BPT-1040 Appeal ———— 6
EXHIBIT - D — Plea Agreement
EXHIBIT - E —California Dept. Correction–Operation Manuel ——7,8
EXHIBIT - F - Board of Parole Matrix
CASE LAW

Kercheval v. U.S. 47 S.Ct. 582 (1927) ——————— 5
McIntosh v. US Parole Commission, 809 F.2d. (10th Cir. 1997) — 4
People v. Huynh, 229 Cal. App. 3d. 1067 (6th District 1991) — 4
Sandin v. Conner, 115 USSC 2293 (1995) ——————— 7
U.S. v. Anderson, 970 F.2d. 602 (9th Cir. 1992) ————— 5
U.S. v. Dubose, 146 F.3d. 1141 (9th Cir 1998) ———— 5
U.S. v. Makowski, 120 F.3d 1078 (9th Cir 1997) ———— 4
Young v. Kenny, 907 F.3d. 874 (9th Cir 1990) ———— 4
In re Moser, 6 Cal. 4th 342 (1993) ——————— 4

EXHIBI-1

S160653

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re TIMMY O'NEIL CHARITY on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Miller* (1941) 17 Cal.2d 734.)

SUPREME COURT
FILED

JUL 1 6 2008

Frederick K. Ohlrich Clerk

Deputy

**GEORGE**

Chief Justice

RECEIVED

FEB 6 - 2008

CLERK SUPREME COURT

Name _Timmy O'Neil Charity_

Address _Delaware Correctional Center_

_1181 Paddock Road_

_Smyrna, Delaware 19977_

CDC or ID Number _C-31175_

_Delaware SBI # 205660_

Please provide Case number, Thank you.

SUPREME COURT
FILED

FEB 6 2008

Frederick K. Ohlrich Clerk

_____ Deputy

IN THE SUPREME COURT

FOR THE STATE OF CALIFORNIA

_Timmy O'Neil Charity,_
Petitioner
vs.
_Perry Phelps, Warden, DCC
Secretary, Calif. Dept. of Corr. Rehab,_
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. HC **S160653**

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS — READ CAREFULLY

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(f)(1) of the California Rules of Court [as adopted effective January 1, 1992]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

EXHIBIT −1A

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED
Stephen M. Kelly, Clerk
JAN 2 4 2008
Court of Appeal Fourth District

| | |
|---|---|
| In re TIMMY O'NEIL CHARITY | D051686 |
| on | (San Diego County Super. Ct. No. CR 52848) |
| Habeas Corpus. | |

THE COURT:

The petition for a writ of habeas corpus has been read and considered by Justices Benke, Nares and Aaron.

Timmy O'Neil Charity states he entered a negotiated guilty plea to second degree murder on April 9, 1981, and the court sentenced him to the stipulated term of 15 years to life in prison on May 27, 1981. Charity contends he is entitled to be released from prison based on a "maximum release date" of October 15, 1995, noted on the Department of Corrections and Rehabilitation's term computation sheets.

The records Charity provided reflect he was sentenced to an *indeterminate* term. Eligibility for release on parole for a prisoner sentenced to an indeterminate term is determined in the first instance by the Board of Parole Hearings, based on "a manner that will provide uniform terms for offenses of similar gravity and magnitude in respect to their threat to the public," and in accordance with the pertinent sentencing rules and criteria. (Pen. Code, § 3041, subd. (a).) Charity acknowledges he has had seven parole eligibility hearings and has not been found suitable for release. He does not have a contractual right to release based on a term computation sheet.

The petition is denied.

_____
NARES, Acting P. J.

Copies to: All parties

Name _Timmy O'Neil Charity_

Address _Delaware Correctional Center_

_1181 Paddock Road_

_Smyrna, Delaware 19977_

CDC or ID Number _DEL. SBI# 205660_
_CAL. CDC# C-31175_

Court of Appeal Fourth District

# FILED

## SEP 25 2007

Stephen M. Kelly, Clerk

__DEPUTY__

## COURT OF APPEAL
## FOURTH APPELLATE DISTRICT

_Timmy O'Neil Charity_
**Petitioner**

vs.

_Thomas Carroll, Warden DCC_
_see California Dept. Corr. Rehab.,_
**Respondent**

**PETITION FOR WRIT OF HABEAS CORPUS**

No. HC ___ **D051686**
(To be supplied by the Clerk of the Court)

## INSTRUCTIONS — READ CAREFULLY

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(f)(1) of the California Rules of Court [as adopted effective January 1, 1992]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 (Rev. January 1, 1992)
SUPCT HC-1(Rev 7-95)

EXHIBIT - A

CREDIT/TERM COMPUTATION

SENTENCED AFTER 6-1-80

A. MAXIMUM DSL DATE

1. ___6-3-81___ + ___15 yrs___ = ___96 – 6-3___
   RECEIVED DATE          TOTAL TERM              BASE DATE

2. Less actual time served in custody (PC 2900.5, 2900.1)        . 157

3. Adjusted Maximum DSL Date        = 95 – 12-29

4. Good time credit previously granted by court or by CDC on 2900.1 time        . 75

5. MAXIMUM ~~RELEASE~~ DATE        = 95 – 10 + 15

B. GOOD TIME CREDIT

1. Maximum DSL (A5)        . 95 – 10 – 15

2. Received date or 7-1-77 whichever is later        . 81 – 6 – 3

3. Days in Custody of Department        = 5247

4. Postsentence        ÷ 6

5. Days in custody on which good time credit may be earned        = 5253

6. ÷ 3 = GOOD TIME CREDIT        = 1751

C. MINIMUM DSL RELEASE DATE

1. Maximum DSL Date (A5)        95 – 10 – 15

2. Good Time Credit (B6)        . 1751

3. MINIMUM ~~RELEASE DATE~~ MEPD        = 90 – 12-29

---

CREDITS SUBJECT TO LOSS IN PRISON

1. Good Time Credit (B6)        1751

2. ÷ 4 = Participation Credit        = 438

3. x 3 = Behavior Credit        = 1313

Computed by _H.H. Schneider_ _6-9-81_
Case Record Spec        Date

Audited by _N. Logan_ _6-18-81_
Case Record Sup        Date

PRESENTENCE CREDITS

1. PC 2900.5 (Inc. Postsentenct)        157

2. Conduct Credit previously granted by court        75

3. PC 2900.1 actual        O

4. P.C. 2900.1 (PC 2931)        O

NAME        NUMBER

INSTITUTION        DATE
RCC        6-9-81

CDC 679a (8-1-80)

STATE OF CALIFORNIA
CREDIT/TERM COMPUTATION

MAXIMUM DSL DATE

1.  _____6-3-81_____  +  ___15___  =  _6-3-96_
         RECEIVED DATE          TOTAL TERM        BASE DATE

2.  Less total preconfinement credit  =  _232_

3.  MAXIMUM DSL RELEASE DATE  =  _10-15-95_

B.  GOOD TIME CREDIT

1.  Received date or 7-1-77
    whichever is later  -  _6-3-81_

2.  Days in custody of department  =  _5247_

3.  Postsentence  +  _6_

4.  Days in custody on which
    GTC may be earned  =  _5253_

5.  ÷ 3 = GOOD TIME CREDIT  =  _1751_

C.  Minimum eligible parole date(A-3 minus B-5)  (MEPD) =  _12-29-9_
    COMMENTS:

TENTATIVE COMPUTATION

_Your initial parole consideration hearing will be_
_held on the Nov 1989 Calendar_

Computed by _____ Case Records Specialist  date _3-1-88_

Audited by _____ Case Records  date _____

NAME _Chardy, Timmy_  NUMBER _C31175_  INSTITUTION _SACEO_  _3-1-_

REDIT/TERM COMPUTATION

MAXIMUM DSL DATE

1. ___6-3-81___  + ___15___  =  ___6-3-96___
   RECEIVED DATE      TOTAL TERM      BASE DATE

2. Less total preconfinement credit      −  ___232___

3. MAXIMUM DSL RELEASE DATE      =  ___10-15-95___

B. GOOD TIME CREDIT

1. Received date or 7-1-77
   whichever is later      −  ___6-3-81___

2. Days in custody of department  =  ___5247___

3. Postsentence      −  ___6___

4. Days in custody on which
   GTC may be earned      =  ___5253___

5. ÷ 3 = GOOD TIME CREDIT      =  ___1751___

C. MINIMUM DSL RELEASE DATE (A-3 minus B-5)  *MEPD*  =  ___12-29-96___

COMMENTS:  *PCH 11/89*

   *PC 438*

   *BC 1313*

---

Computed by  *P. Melendy*  ___10-6-88___
             Case Records        date

Audited by  _____  _____
             Case Records        date

---

NAME *Clarity*      NUMBER  *C-31175*      INSTITUTION *CTF*  DATE  *10/6/8*

# BOARD OF PRISON TERMS
428 J Street, 6th Floor
Sacramento, CA 95814



June 18, 1999                                                    (916) 445-4072

Mr. Timmy Charity  SBI# 00205660
Delaware Correctional Center
Smyrna, Delaware  19977

Dear Mr. Charity:

Re:  C-31175

This will acknowledge your recent letter to the Board of Prison Terms.

Your records are maintained by the Department of Corrections.  Since your request
involves a matter that is properly the function of the Records Officers, we are forwarding
your letter to the Interstate Unit for reply.

Sincerely,

TED RICH
Acting Executive Officer

TR:sjc

cc: Interstate Unit

Posted Mark  6/28/99
SAC, CA

Received  7/2/99
Timmy O'neil Charity
Timmy Oneil Charity

June 3, 1999

Chairperson
Board of Prison Terms
428 'J' Street, 6th Floor
Sacramento, CA.
        95814


RE: CREDIT/TERM COMPUTATION SHEETS


Dear Chairperson,

My name is Timmy O'neil Charity, CDC#C-31175, Delaware SBI#00205660. I am currently housed in Delaware via the Interstate Compact Agreement, as of April 3, 1997.

Enclosed are three (3) Credit/Term Computation Sheets prepared by CDC on June 9, 1981; March 1, 1988 and October 6, 1988.

The June 9, 1981 sheet was prepared at Chino, the March 1, 1988 sheet at SACCO (CDC's Headquarters), and the October 6, 1988 sheet at CTF-Soledad.

I have attempted to have CDC explain the Computation Sheets, but they refused. Each sheet states a maximum release date of October 15, 1995. Here it is June 1999, and no one can explain these Computation Sheets for me.

The October 15, 1995 release date constitutes a liberty interest, and is a violation of due process and the equal protection clause under the Fourth and Fourteenth Amendments.

It is hard for me, or anyone else, especially the BPT, to say these Computation Sheets have no value, since they give a specific maximum release date.

-1-

clear, and it coincides with my 1996 BPT Hearing, when the BPT Panel told me I would be able to communicate with the receiving state's authorities about parole release.

Under CCR, Title 15, Division 2, BPT, Section 2367, the receiving jurisdiction can conduct the hearing at the request of the receiving state, and with the prisoner's written consent. It appears that has happened.

Also, CCR, Title 15, Division 2, BPT, Section 2370, California can set a parole date, or discharge the sentence, if the prisoner has stronger family, social or economic ties to the other jurisdiction. My request for the ICC Transfer to Delaware was, and is, to facilitate family contact. My family resides in Richmond, VA. The transfer also shows that I am not a threat to the public safety.

I respectfully ask the Board of Prison Terms to honor and enforce, the October 15, 1995 release date, and allow me to parole to Delaware.

Thank you very much for your time and cooperation concerning this matter. I pray to hear from you soon, and may God bless you.

Sincerely,

Jimmy O'Neil Charity

Timmy O'Neil Charity

-2-

428 J Street, 6th Floor
Sacramento, CA 95814
(916) 445-4072



August 26, 1999


Mr. Timmy Charity, SBI#00205660
Delaware Correctional Center
Smyrna, Delaware 19977

Dear Mr. Charity:

Re: C-31175

We are in receipt of your August 12, 1999 letter. It is unclear as to the purpose of your letter as you indicate that you are aware that the Department of Corrections is responsible for term calculation and you have written to the Interstate Unit and received a very definitive return letter from Mr. Thiese. If you have further questions relative to your term computation, the address for the Department of Corrections is P.O. Box 942883, Sacramento, California 94283-0001.

It is noted that you have been in contact with the Delaware Board of Parole and you indicate they are receptive to your release to that state upon your receipt of a parole date.

To insure your comments receive appropriate consideration, your correspondence is being forwarded to the institution for staff use and referral to the Board of Prison Terms panel who will hear your case.

Sincerely,

TED RICH, SR.
Executive Officer (A)

TR:em

Cc:    Interstate Unit

August 12, 1999

Mr. Ted Rich
Board of Prison Terms
428 'J' Street, 6th Floor
Sacramento, California
         95814

RE: Parole Situation:

Dear Mr. Rich;

Upon correspondence with the Interstate Unit,
Mr. Brent Theese informs me in regards to the
Term/Credit Computation Sheets, that the CDC Records
Specialist calculated the 10-6-88 sheet, and
confirmed my MEPD to be December 29, 1990.

However, using the same sheets, the maximum
release date of October 15, 1995 was not correct.
It seems, as a life prisoner whose offense occured
in December 1980, I am being held to the rigid,
and unruly standards of the DSL (MEPD) and
the ISL (life term)

The term computation sheets are self explainatory,
however, the CDC and the BPT are seeming trying
to use them to enforce/or cover-up an error, which
the result is my continued incarceration.

According to the CDC, the BPT has no idea
what is going on with me, yet, the CDC is
supportive of my release.

At my 1996 BPT Hearing, I was informed
that I would be able to communication with

contact the Delaware Board of Parole, and their response was very positive, and seemingly in agreement the the BPT.

I was very upfront with the Delaware Board of Parole, and like the BPT, they would not take lightly my request.

Mr. Rich, yes I want to go home to my family, and I'm very sorry for my act against Mr. Dininger, but sir, I have been incarcerated for 19 years on a second murder conviction, and am now serving the time of a 25 years to life prisoner.

Sir, I know you're not a miracle worker, and that you may disregard my request, but I pray you are able to assist me.

Enclosed is a letter from Mr. Brent Thiese, Informing me to contact you about my parole situation; Copies of the computation sheets; My letters to the Delaware Board of Parole and its response; and excerpts from my 1996 BPT Hearing stating I may communicate with the other state about release. These documents are for your convience.

Mr. Rich, thank you much for your time and Cooperation. May God bless you, and I pray to hear from you soon.


Sincerely,


Timmy O'Neil Clarity
Delaware S.B.I. # 00205660
California CDC # C-31175

— 2 —

Enclosures:

428 J Street, 6th Floor
Sacramento, CA 95814
(916) 445-4071

October 25, 1999

Mr. Timmy Charity
SBI#00205660
Delaware Correctional Center
Smyrna, Delaware 19977

Dear Mr. Charity:

Re: C-31175

Thank you for your correspondence but there is nothing that I can add to the previous
correspondence that I sent you. The Department of Corrections is responsible for
computation of terms as well as interstate supervision. Please refer to our previous
correspondence for the address of the Department of Corrections.

Sincerely,

TED RICH, SR.
Executive Officer (A)

cc: Interstate Unit

September 17, 1999

Mr. Ted Rich
Executive Director
Board of Prison Terms
428 'J' Street, 6th Floor
Sacramento, California
        95814

RE: MAXIMUM RELEASE DATE OF OCTOBER 15, 1995.

Dear Mr. Rich,

Thank you for your timely responses, and thank you very much for allowing me to communicate with you.

In your last letter, you stated you were not clear to what I was requesting. So, to clear up any misunderstanding, my request is this, to have the BPT to inform the CDC that the 10-15-95 release is valid, so I may begin to have my parole transferred to Virginia.

Mr. Threse, in his last letter used the 10-6-88 computation, instead of all three. Three computation sheets dated 7 years apart, and all showing the same release is not in error, pursuant to Dom, section 73030, Time Computation.

The CDC without approval from the BPT. It seems odd that the BPT, or the CDC, will not confirm the release, since it has not been proven wrong. The release was sent upon my initial reception by the CDC in 1981.

Mr. Rich, I would like the date confirmed, and if not, it's reason for existance.

Thank you again for the time and explanation you have given me concerning this matter. May God bless you.

Sincerely,
Jimmy Oneil Charity

Timmy Oneil Charity
S61 # 00205660
C.D.C # C-31175

EXHIBIT –B

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

DEPARTMENT NO. 8          HON. JAMES A. MALKUS, JUDGE

THE PEOPLE OF THE STATE OF CALIFORNIA,      )
                                            )
                      PLAINTIFF,            )
                                            )
        VS.                                 )        NO. CR 52848
                                            )
TIMMY O'NEIL CHARITY,                       )
                                            )
                      DEFENDANT.            )
                                            )

REPORTER'S TRANSCRIPT

WEDNESDAY, MAY 27, 1981

A P P E A R A N C E S:

        FOR THE PEOPLE:               EDWIN L. MILLER, JR., ESQ.
                                      DISTRICT ATTORNEY
                                      BY:  LISA G. SCHALL
                                           DEPUTY DISTRICT ATTORNEY

        FOR THE DEFENDANT:            JOSE E. TAFOLLA, ESQ.
                                      ATTORNEY AT LAW

                                      MARVEL S. MC DONALD
                                      CSR NO. 2817

1  EXPLANATION, NOT AN EXCUSE.

2  I CONSIDER BY REASON OF YOUR AGE AND YOUR PHYSICAL

3  CONDITION THE POSSIBILITY OF A REFERRAL TO C.Y.A. BY REASON OF

4  THE FACT THAT THE LAW WOULD REQUIRE ME TO AT LEAST CONSIDER IT.

5  I HAVE TO EXCLUDE IT.  I HAVE TO EXCLUDE IT.  I DON'T THINK

6  THAT THAT WOULD BE THE APPROPRIATE THING FOR YOU UPON WEIGHING

7  ALL THE FACTORS AND CONSIDERATION, CERTAINLY IN CONNECTION WITH

8  THIS CRIME AND BY REASON OF YOUR AGE.  I WOULD INDICATE THAT

9  THAT TOGETHER WITH THE PRIOR INVOLVEMENT THAT YOU HAVE HAD WITH

10  THE AUTHORITIES, EVEN THOUGH IT MIGHT NOT HAVE BEEN THAT OF AN

11  UNSOPHISTICATED CRIMINAL INSOFAR AS BEING A CRIMINAL IS

12  CONCERNED, I WOULD HAVE TO CONSIDER YOU TO HAVE BEEN EXCLUDED

13  FROM C.Y.A.

14  WHAT YOU DID WAS VICIOUSLY END THE LIFE OF A HUMAN

15  BEING, A PERSON WHO WAS A LOVING FATHER OF A CHILD THAT HE

16  HAD NEVER SEEN AND WAS BORN AFTER HIS DEATH, A LOVING HUSBAND,

17  A YOUNG MAN AND, IF NOTHING ELSE, A FELLOW HUMAN BEING.  IT WAS

18  NOT YOUR RIGHT.  YOU DID THIS WITHOUT CAUSE, WITHOUT RIGHT,

19  WITHOUT REASON AND, LASTLY, YOU DID IT WITHOUT HUMANITY.

20  THE SENTENCE OF THIS COURT IS THAT YOU SHALL BE

21  REMANDED TO THE CUSTODY OF THE SHERIFF WHO SHALL TRANSPORT YOU

22  TO THE RECEPTION AND GUIDANCE CENTER AT CHINO, CALIFORNIA WHERE

23  YOU SHALL BE COMMITTED TO THE DEPARTMENT OF CORRECTIONS FOR THE

24  TERM PRESCRIBED BY LAW WHICH IS 15 YEARS TO LIFE.  ACCORDINGLY,

25  THAT IS THE SENTENCE OF THIS COURT IN THIS CASE.

26  YOU SHOULD KNOW THAT AT THE END OF YOUR PERIOD OF

27  CONFINEMENT YOU MAY BE PLACED ON PAROLE FOR A PERIOD NOT TO

28  EXCEED 48 MONTHS.  IF IN FACT YOU ARE PLACED ON PAROLE, IF YOU

1  VIOLATE ANY TERMS OR CONDITIONS OF YOUR PAROLE GRANT, YOU MAY

2  BE FURTHER SUBJECTING YOURSELF TO FURTHER INCARCERATION NOT

3  TO EXCEED 12 MONTHS IN EACH INSTANCE OF VIOLATION FOR A TOTAL

4  OF 48 MONTHS IN ALL.  YOU SHOULD KNOW THAT TIME SPENT IN

5  CUSTODY DUE TO REVOCATION OF PAROLE WILL NOT BE CREDITED

6  TOWARD THE LIMIT OF THE PAROLE, BUT THE TOTAL PAROLE PERIOD AND

7  TIME SPENT IN CUSTODY DUE TO REVOCATION MAY NOT EXCEED 48

8  MONTHS; DO YOU UNDERSTAND THAT?

9      THE DEFENDANT:  YES.

10     THE COURT:  DO YOU HAVE ANY QUESTIONS YOU WANT TO ASK ABOUT

11 YOUR PAROLE RIGHTS?

12     THE DEFENDANT:  NO.

13     THE COURT:  LET ME ALSO TELL YOU ABOUT YOUR RIGHT TO

14 APPEAL TO THE APPELLATE COURTS FROM THE JUDGMENT OF THIS COURT

15 IN IMPOSING SENTENCE.  YOU HAVE THE RIGHT TO FILE AN APPEAL

16 WITHIN 60 DAYS OF TODAY'S DATE.  THAT STARTS TO RUN FROM RIGHT

17 NOW.  IT MUST BE IN WRITING, SIGNED BY YOUR ATTORNEY, BY

18 YOUSELF OR BY BOTH OF YOU.  IF IN FACT YOU DO FILE SUCH A

19 NOTICE OF APPEAL, YOU MUST INDICATE WHAT IT IS YOU ARE

20 APPEALING, WHETHER YOU ARE APPEALING FROM THE WHOLE JUDGMENT

21 OR JUST PART OF THE JUDGMENT.

22     IF YOU APPEAL, YOU HAVE THE RIGHT AT NO COST TO YOU

23 TO A COMPLETE TRANSCRIPT OF THE TRIAL COURT PROCEEDINGS AS

24 PROVIDED FOR BY THE CALIFORNIA RULES OF COURT FREE OF CHARGE.

25     IF YOU APPEAL YOU HAVE THE RIGHT TO A FREE LAWYER IF

26 YOU DON'T HAVE THE MONEY WITH WHICH TO HIRE A LAWYER.  THE

27 APPELLATE AUTHORITIES WILL CERTAINLY APPOINT A LAWYER TO

28 REPRESENT YOU ON APPEAL.  IT IS YOUR OBLIGATION TO KEEP THEM

EXHIBIT-C

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.                    Category

1. _____ S Q          1. _95-8723_          _C/I_

2. _____              2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| CHARITY, TIMMY O'NEIL | C-31175 | ASSOC. WARDEN II CLERK | 3-N-95 |

A. Describe Problem: _____ AS DICTATED BY THE MARIN SUPERIOR COURT, THIS APPEAL IS BEING SUBMITTED
TO THE CASE RECORDS MANAGER TO EXHAUST ADMINISTRATIVE REMEDIES OF THE TIME COMPUTATION
SHEETS DATED 6-9-81 AND 3-1-88.

_____

_____

_____

_____

If you need more space, attach one additional sheet.

B. Action Requested: _____ THAT THE MAXIMUM DSL RELEASE DATE OF 10-15-95 BE HONOR.

_____

_____

Inmate/Parolee Signature: _Timmy O'neil Charity_          Date Submitted: _11-9-95_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____                                        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

DEC 14 1995

CDC Appeal Number: _____

First Level ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other ___ BPT issue

NOV. 0 9 1985

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____  Due Date: DEC. 0 5 1995

Interviewed by B. Radel X

I'm was in an trial this is a BPT Problem and that he should fill out form 1040. This should be taken to the next level, but I don't think we can help this I'm because he does not understand the computation of his sentence. He is under BPT rules & regulations —

Staff Signature: B. Radel X    Title: CDS - Sep.    Date Completed: 11/16/95

Division Head Approved: ✓

Signature: _____    Title: AW / RI    Date to Inmate: NOV. 1 4 1995

Returned NOV. 2 1 1995

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

The Time Computations Sheets were calculated by the Department of Corrections once at the California Institute for Men on 6-9-81, and again by the Central Office for the Department of Correction on 3-1-88. Therefore this appeals falls under the guidelines of the Department of Corrections, and not the Board of Prison Terms.

Signature: Jimmy O'neil Charity    Date Submitted: 11-14-95

Second Level ☐ Granted  ☐ P. Granted  ☑ Denied  ☐ Other ___

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: NOV. 27 1995  Due Date: DEC. 1 1 1995

☑ See Attached Letter

Signature: _____    Date Completed: 12/4/95

Warden/Superintendent Signature: _____  Chief Deputy Warden    Date Returned to Inmate: DEC. 1 1 1995

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Please see attached response dated 12-11-95.

Signature: Jimmy O'neil Charity    Date Submitted: 12-11-95

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

Date: _____

COC 602 (12/87)

BO..RD OF PRISON TERMS                                                    STATE OF CALIFORNIA
INMATE / PAROLEE APPEALS SCREENING NOTICE
BPT 1043 (1/86)                    FORWARD TO INMATE/PAROLEE

DISTRIBUTION:    White - Inmate/Parolee
                 Canary - C. file
                 Pink - BPT

**YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):**

TO:    Charity, Timmy
       C.-31175
       SQ                              Log # 487863

☐ 1. The action or decision being appealed is not within the jurisdiction of the BPT.

INSTRUCTIONS

☒ 2. You have already submitted an appeal on the same action.
   ☒ Your first appeal is currently under review. Rec'd 12-18-95
   ☐ Your first appeal has been completed (copy attached).

☐ 3. You have not properly filed the appeal.

INSTRUCTIONS

☐ 4. There has been an untimely delay between when the action or decision occurred and when you filed your appeal, with no
     explanation of why you did not, or could not, file in a timely fashion.

☒ 5. Other  All issues must be raised in the same
INSTRUCTIONS  appeal. No further appeals will be accepted
on this action.

APPEALS COORDINATOR  Barbara Gita          DATE 9/11/96

BOARD OF PRISON TERMS

# APPEAL

STATE OF CALIFORNIA

## (TITLE 15, CCR §§ 2050-2056)

| | |
|---|---|
| NAME: CHARITY, TIMMY O'NEIL<br>CDC NUMBER: C-31175<br>INSTITUTION: CSP-SAN QUENTIN<br>DATE SUBMITTED: December 11, 1995 | CDC STAFF USE ONLY<br>LOG NUMBER: 487863<br>DATE RECEIVED: 1-8-96 |

| DECISION BEING APPEALED | BASIS FOR APPEAL |
|---|---|
| | DATE OF DECISION/HEARING BEING APPEALED (SPECIFY): |
| ☐ PAROLE REVOCATION | |
| ☐ REVOCATION EXTENSION | |
| ☐ RETAIN ON PAROLE | ☐ THE DECISION WAS BASED ON INCOMPLETE OR INCORRECT INFORMATION. |
| ☐ SCREENING DECISION | ☐ THE DECISION IS UNREASONABLE IN VIEW OF THE FACTS. |
| ☐ LIFE PRISONER | ☐ THE DECISION IS ILLEGAL. |
| ☐ MENTALLY DISORDERED OFFENDER | ☐ THE DECISION VIOLATES THE FOLLOWING BOARD REGULATIONS OR RULES. (SPECIFY): |
| ☒ OTHER (SPECIFY): BASED ON TERM BEING SET ON | |

6-9-81 & CONFIRMED ON 10-15-95 BEING HELD

WITHOUT CAUSE.

WHAT ACTION ARE YOU REQUESTING THE BOARD TO TAKE?  IMMEDIATE RELEASE TO PAROLE

PLEASE STATE (TYPE OR PRINT) AND SEPARATELY NUMBER EACH BASIS FOR YOUR APPEAL.

Based on documentation, a Parole Release Date, pursuant to Title 15, CCR § 2317 and Penal

Code § 1170 et al, was established on 6-9-81 and confirmed on 10-15-95 (See: Exhibit A).

To support claim the Parole Release Date was re-calculated again on establishing the Parole

Release Date on 3-1-88, and confirmed on 10-15-95 (See: Exhibit B). The aforementioned

Exhibit "A" and "B" further demonstrates C.D.C. officials followed required procedures found

in C.C.R. §§ 2318 through 2328 in determining the total period of confinement. Subsequently,

I am being illegally confined and denied parole release without cause or justification. This

action does not require a re-calculation of the M.E.P.D., rather an order directing parole

release that has already been established.

See attached documents:

| SIGNATURE (All appeals must be signed.)<br>*Timmy O'neil Charity* | CDC NUMBER<br>C-31175 | INSTITUTION/REGION<br>CSP-SAN QUENTIN |
|---|---|---|

BPT 1040 (rev. 9/88)

Attach more pages if necessary.
See other side for instructions.

PERMANENT ADDENDA

EXHIBIT -D

F I L E D
Robert D. Zumwalt, Clerk

APR 9 1981

BY  D. RUNDLE
DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

THE PEOPLE OF THE STATE OF CALIFORNIA
                                    Plaintiff,

vs.

_Timmy O'Neil Charity_
                                    Defendant.

CASE NUMBER

CR – 52848

DA– 49087

CHANGE OF PLEA
(GUILTY)

Comes now _Timmy O'Neil Charity_
defendant in the above-entitled criminal action, and in support of his motion to change his plea(s) to be made in open
court personally and by his attorney, does declare:
                                            *(defendant to initial each item)*

1. That his attorney in the above-entitled criminal action is _JOSE F. LARILLA_        JOC.

2. That he is charged in _Information_ number CR – _52848_        , with having violated
   (information/indictment)
   _Ct 1  PC 187  Ct 1  PC 120 -(1)_
   (Code Section(s) and Count(s))                                                      JOC.

3. That he desires to change his plea(s) and desires to plead guilty to _Ct 1  PC 187 Second_  JOC.
   (Set forth Code Section(s) and Count(s),
   _Degree_
   (including lesser offense(s) to which plea is to be made)

4. That he _is_ now and _was_ at the time this form was prepared in possession of all his faculties
   (is/is not)          (was/was not)
   and has not consumed any drug, narcotic or alcoholic beverage in the 24-hour period preceding the entry of this plea     JOC.
   to the extent that his sound judgment is impaired;

5. That he _does_ understand the nature of the charge(s) against him;        JOC.
   (does/does not)

6. That he _has_ discussed the nature of the charge(s) against him and the possible defenses thereto with     JOC.
   (has/has not)
   his attorney;

7. That he violated the aforementioned Penal Code section(s) by _Defendant stabbed the_
   _victim John Richard Domingez, with a deadly weapon namely a kitchen_
   _Knife and as a result of that stabbing John Richard Domingez_
   _died_                                                                            JOC.

8. That his attorney _has_ explained and discussed his constitutional rights with him; that he understands
   (has/has not)
   his constitutional rights; that his constitutional rights have not been violated; that his attorney has specifically explained
   to him (1) the right to a jury trial; (2) the right to confront those witnesses who would testify against him and to cross-
   examine those witnesses; (3) the right to testify in his own behalf or not to testify if he desires to remain silent; (4) the
   right to have witnesses and documents subpoenaed by the Court for use at trial; that defendant knowingly and intelligently
   gives up these constitutional rights;

9. That his decision to change his plea(s) _has_ been made freely and voluntarily, without threat or
   (has/has not)
   fear to him or to anyone closely related to or associated with him;

10. That his attorney _has_ explained the possible sentence and understands the maximum possible punish-
    (has/has not)
    ment to be _15 years in State Prison to life_
    and further that in the event he is sentenced to State Prison, he will be placed on parole for a period of _48 months_

11. That he understands if he is granted probation and the Court finds he has violated the terms of probation he
    could be sentenced to State Prison at that time.

Co. Clk. Form CR-12 (4-80)

12. That he _has not_ been induced to plead guilty by any promise or representation of a lesser sentence, probation, reward, immunity, or anything else. If defendant's plea of guilty is the result of discussions with the District Attorney (e.g., that the District Attorney has agreed to move to dismiss a count if defendant pleads guilty to another count), explain briefly such promise or plea bargaining, in the following space: Upon ★ to PC 187 in 2nd Degree DA will dismiss PC12022(6) allegation. Harvey Waiver

13. That he _does_ understand that the matter of probation and sentence is to be determined solely by the court.                                                                                                                                       JoC

14. That the sentencing judge _____ consider the defendant's prior criminal history and the entire factual background of the case, including any untilled, dismissed or stricken charges or allegations, when granting probation, ordering restitution or imposing sentence except as follows; and

15. That he is pleading guilty because in truth and in fact he _is_ guilty, and for no other reason.   JoC

Defendant has    (cross out the inapplicable phrase)

1. personally prepared and discussed with his attorney

2. read, discussed, and had had explained to him by his attorney

each of the above items, and understands same. Defendant has initialed each item as proof thereof.

Executed this ___7___ day of ___April___, 19 81, in the County of San Diego, State of California.

x _Jimmy O'neil Charity_
(Defendant's signature)

_JOSE E. TAFOLLA_ _____ states that he is the attorney for defendant in the above-entitled criminal action; that he personally read, discussed and explained the contents of the above declaration of the defendant and each item thereof; that defendant's constitutional rights have not been violated; that no meritorious defense exists to the charge(s) to which defendant is pleading guilty; that he personally observed the defendant (fill in and initial each item, or read and initial each item) acknowledging explanation of the contents of each item; that he observed defendant date and sign said declaration; that he concurs in defendant's withdrawal of his plea(s) of not guilty, that he concurs in defendant's plea(s) of guilty to the charge(s) as set forth by the defendant in the above declaration.

Dated this ___7___ day of ___April___, 1981 _____
(Attorney's signature)

The People of the State of California, plaintiff in the above-entitled criminal action, by and through its attorney, EDWIN L. MILLER, JR., District Attorney, concurs in the defendant's withdrawal of his plea(s) of not guilty and in the defendant's plea of guilty to the charge(s) as set forth by the defendant in the above declaration.

Dated this ___9___ day of ___April___, 1981

EDWIN L. MILLER, JR.
District Attorney

By _____
(Deputy District Attorney)

Defendant personally and by his attorney having in open court moved to withdraw his plea(s) of not guilty heretofore entered and the People of the State of California by and through its attorney having concurred in said motion.

IT IS HEREBY ORDERED that said motion be and the same is hereby granted.

Dated: _APR 9 1981_ _____

JAMES A. MALKUS

EXHIBIT - E



| | |
|---|---|
| **California Department of Corrections** <br><br> **OPERATIONS MANUAL** | **Chapter:** 70000 <br> Case Records Information |
| | **Subchapter:** 73000 <br> Legal |
| | **Section:** 73030 <br> Time Computations |

Whenever the controlling release date changes, that change will need to be reflected on the "Controlling Release Date _____ " line.

Additionally, the "(as of _____ )" will be recorded as of the date the change is made.

When the CDC Form 678 is found to have an error, a new form shall be prepared and marked "corrected copy" above the Correctional Case Records Manager signature block.

- Send a copy to the inmate.

- Amend the information in OBIS to reflect the change(s).

If the BPT takes an action that changes the ISL data on the CDC Form 678, it is necessary to update the original CDC Form 678. When updating the ISL data, change the "as of _____ " date to the date the change is made. If the controlling release date changes due to a BPT action, only the inmate needs to be given a copy of the updated CDC Form 678.

**73030.18.2.25**
**CDC FORM 678**
**DISTRIBUTION**

After the BPT signs the form, a photocopy shall go to OBIS and the inmate. The original shall be filed in the BPT Section of the C-file.

**73030.19**
**LIFE TERMS**

Those terms for which the statutory maximum penalty is life in prison with the possibility of parole, terms for which the maximum is life and the minimum is 15 or 25 years and habitual offenders sentenced pursuant to PC 667.7 and PC 667.75 are calculated in this section.

**73030.19.1**
**PAROLE**
**CONSIDERATION**

The Board of Prison Terms shall conduct hearings for consideration for parole of life prisoners pursuant to PC 5076.1 and PC 5076.2. Specialists shall schedule hearings based on calculations of minimum eligible parole dates.

**73030.19.2**
**GOODTIME/WORKTIME**
**CREDIT - LIFE TERMS**

Worktime credit pursuant to PC 2933 shall be applied to reduce the minimum term of life prisoners sentenced only under PC 217.1(b) and habitual offenders sentenced under PC 667.7(a)(1) and PC 667.75.

Goodtime/worktime credit pursuant only to PC 2931 shall be applied to reduce the minimum term of all other life prisoners on terms with 15 or 25 year minimums, except those convictions for second degree Murder where the victim was a peace officer (PC 190(b)).



| California Department of Corrections OPERATIONS MANUAL | **Chapter:**    **70000** Case Records Information |
| | **Subchapter:  73000** Legal |
| | **Section:       73030** Time Computations |

Worktime credit pursuant to PC 2933 shall apply to DSL enhancements and DSL consecutive cases on all life terms.

- Goodtime credit shall be administratively granted for time in custody after 7-1-77 on first degree Murder and Kidnap offenses committed prior to 11-8-78 if the commitment is subsequently ruled invalid and the inmate is recommitted on a lesser offense arising from the same case.

**73030.19.3**
**"7 YEAR" LIFE TERMS**

Pursuant to PC 3046, persons sentenced to life terms with the possibility of parole must serve at least seven calendar years without benefit of goodtime. The MEPD for these cases is calculated by adding seven years to the life term start date and subtracting preprison credit ordered by the court and postsentence credit.

- The initial Parole Consideration Hearing (PCH) will be scheduled 13 months prior to the MEPD (BPT 2268).

- If parole is denied at the initial PCH, a Subsequent Parole Hearing will be scheduled annually thereafter, or as determined by the BPT pursuant to PC 3041.5, until parole is granted (a parole date is set).

- Following any hearing at which parole is granted, Progress Hearings will be scheduled as specified in BPT 2269.

**73030.19.4**
**COMPUTATION OF MEPD**
**15 AND 25 TO LIFE**
**TERMS**

**Life term only**

If the life term is the only commitment offense and has no DSL enhancements or DSL consecutive cases, calculate the MEPD as follows:

- Add the minimum term to the date received into the Department (the term start date).

- Subtract presentence and postsentence credit.

- Determine the number of days eligible for goodtime credit by subtracting the received date from the date obtained after application of preprison credit and adding postsentence credit.



| California Department of Corrections OPERATIONS MANUAL | **Chapter:** 70000<br>Case Records Information |
|---|---|
| | **Subchapter:** 73000<br>Legal |
| | **Section:** 73030<br>Time Computations |

- Divide the result by three (fractions shall be increased to the next whole number).

- Subtract the total goodtime from the date obtained after application of preprison credit. The resulting date is the minimum eligible parole date.

**Life Terms With DSL Enhancements/ DSL CS Cases**

If the life term has DSL enhancements or a consecutive DSL term(s) with the same received date as specified in PC 669, the enhancements/CS term(s) must be served before the life term. Calculate the DSL enhancement/term(s) to determine the life term start date for the purpose of scheduling a documentation hearing on the life term.

Calculate the MEPD in these steps:

- Calculate the DSL release date on the DSL enhancement(s)/CS Case(s) in the normal manner, applying appropriate goodtime/worktime credit.

- Using the resulting DSL release date as the term start date for the life case, calculate the MEPD by proceeding with the steps previously described for the life term only computation.

If the life term has a consecutive post-imprisonment offense(s), the life term will not be interrupted and the DSL case shall be served consecutively to the life term. In re Thompson, 172 Cal. App. 3d 256, 218 Cal. Rptr. 192 (11-8-85).

**Concurrent Non-Life Terms**

Non-life terms concurrent to life terms shall be computed on a CDC Form 679.

**73030.19.5 BPT HEARINGS - 15 AND 25 YEAR MINIMUMS**

A BPT Documentation Hearing will be scheduled for prisoners serving life terms with 15 or 25 year minimums three years after the life term starts, and subsequently at three year intervals until the initial Parole Consideration Hearing (BPT 2269.1). Initial, subsequent and progress parole consideration hearings will be scheduled as outlined in Section 73010.6.6.3 of this manual.

**73030.19.6 LIFE TERMS LEGAL STATUS CDC FORM 188-C**

A Legal Status Summary, CDC Form 188-C, will be manually prepared by the Legal Processing Unit on all life cases as described in DOM Section 73010.6.

---



| | California Department of Corrections OPERATIONS MANUAL | Chapter: 70000 Case Records Information |
|---|---|---|
| | | Subchapter: 73000 Legal |
| | | Section: 73030 Time Computations |

**73030.19.7**
**LIFE TERM TIME**
**COLLECTION**

Time collection data on life terms will be entered in OBIS in the same manner as for DSL cases for use in the manual calculation of minimum eligible parole dates.

**73030.19.8**
**DISCIPLINARY**
**ACTIONS AND**
**LIFE TERMS**

Completed disciplinary reports received by inmates serving life terms will be forwarded by custody staff for screening by Classification and Parole Representative (C&PR) to determine whether referral to the BPT will be required.

• If a parole date had previously been granted by the BPT, the disciplinary will be reported to the BPT who will determine whether to initiate rescission proceeding which may result in postponement or rescission of the release date (BPT 2451).

Completed disciplinary reports with credit losses on credit eligible life cases will be forwarded to case records staff who will recompute the MEPD and reschedule hearing dates based on the recalculation.

• If a documentation hearing preceded the disciplinary action, only the initial parole consideration hearing date will be changed.

**73030.20**
**POSTING THE**
**CHRONOLOGICAL**
**HISTORY CDC**
**FORM 112**

All entries on the CDC Form 112 will be dated in the left-hand column.

Entries of any legal status change, BPT decisions, BPT hearing dates, or classification actions effecting a change in release dates will be entered and briefly described in the "Chronological Listings" column.

The number of days forfeited or restored and any dead/at-large time will be entered in the appropriate column.

Release dates, minimum eligible dates, discharge dates, maximum revocation dates, and discharge review dates will be posted in the right-hand column.

• Release dates/minimum eligible release dates: EPRD, MIN DSL, ISL PD, RRD, PRRD, MEPD.

• Maximum revocation dates: MRRD.

• Discharge dates: DD, CDD, PCDD.

• Discharge review dates: DR.

EXHIBIT `F`

§ 2404
Board of Prison Terms
Title 15

(b) Matrix of Base Terms for First Degree on or after November 8, 1973.

### CIRCUMSTANCES

| FIRST DEGREE MURDER<br>Penal Code § 190.1 (et seq.) and does not include post conviction credit as provided in § 2290) | A. Indirect<br>Victim died of causes related to the act of the prisoner but was not directly assaulted by prisoner with deadly force; e.g., shock producing heart attack; a crime partner actually did the killing. | B. Direct or Victim Contribution<br>Death was almost immediate or resulted at least partially from contributing factors from the victim; e.g., victim initiated struggle or bad goaded the prisoner. This does not include victims acting in defense of self or property. | C. Severe Trauma<br>Death resulted from severe trauma inflicted with deadly intensity; e.g., beating, clubbing, stabbing, strangulation, suffocation, burning, multiple wounds inflicted with a weapon not resulting in immediate death or actions calculated to induce terror in the victim. | D. Torture<br>Victim was subjected to the prolonged infliction of physical pain through the use of mercilessly heavy prior to act resulting in death |
|---|---|---|---|---|
| I. Participating Victim<br>Victim was accomplice or otherwise implicated in a criminal act with the prisoner during which or as a result of which the death occurred, e.g., crime partner, drug dealer, etc. | 25-26-27 | 26-27-28 | 27-28-29 | 28-29-30 |
| V<br>I<br>C<br>T<br>I<br>M<br>II. Prior Relationship<br>Victim was involved in a personal relationship with prisoner (spouse, family member, friend, etc.) which contributed to the motivation for the act resulting in death. If victim had a personal relationship but prisoner hired and/or paid a person to commit the offense, see Category IV. | 26-27-28 | 27-28-29 | 28-29-30 | 29-30-31 |
| III. No Prior Relationship<br>Victim had little or no personal relationship with prisoner; or motivation for act resulting in death was related to the accomplishment of another crime, e.g., death of victim during robbery, rape, or other felony. | 27-28-29 | 28-29-30 | 29-30-31 | 30-31-32 |
| IV. Threat to Public Order or Murder for Hire<br>The act resulting in the victim's death constituted a threat to the public order (include the murder of a public officer, prison guard, public official, fellow parent or prisoner, jury killing where the prisoner hired and/or paid another person to commit the offense. | 28-29-30 | 29-30-31 | 30-31-32 | 31-32-33 |

### SUGGESTED BASE TERM

(c) Matrix of Base Terms for Second Degree Murder on or after November 8, 1973.

### CIRCUMSTANCES

| SECOND DEGREE MURDER<br>Penal Code § 190 (et seq. years and does not include post conviction credit as provided in § 2290) | A. Indirect<br>Victim died of causes related to the act of the prisoner but was not directly assaulted by prisoner with deadly force; e.g., shock producing heart attack; a crime partner actually did the killing. | B. Direct or Victim Contribution<br>Death was almost immediate or resulted at least partially from contributing factors from the victim; e.g., victim initiated struggle or bad goaded the prisoner. Thus does not include victims acting in defense of self or property. | C. Severe Trauma<br>Death resulted from severe trauma inflicted with deadly intensity; e.g., beating, clubbing, stabbing, strangulation, suffocation, burning, multiple wounds inflicted with a weapon not resulting in immediate death or actions calculated to induce terror in the victim. |
|---|---|---|---|
| I. Participating Victim<br>Victim was accomplice or otherwise implicated in a criminal act with the prisoner during which or as a result of which the death occurred, e.g., crime partner, drug dealer, etc. | 15-16-17 | 16-17-18 | 17-18-19 |
| V<br>I<br>C<br>T<br>I<br>M<br>II. Prior Relationship<br>Victim was involved in a personal relationship with prisoner (spouse, family member, friend, etc.) which contributed to the motivation for the act resulting in death. If victim had a personal relationship but prisoner hired and/or paid a person to commit the offense, see Category IV. | 16-17-18 | 17-18-19 | 18-19-20 |
| III. No Prior Relationship<br>Victim had little or no personal relationship with prisoner; or motivation for act resulting in death was related to the accomplishment of another crime; e.g., death of victim during robbery, rape, or other felony. | 17-18-19 | 18-19-20 | 19-20-21 |

### SUGGESTED BASE TERM

NOTE: Authority cited: Section 5076.2, Penal Code. Reference: Sections 3040 and 3041, Penal Code.

#### HISTORY
1. Editorial correction filed 10-8-81; effective thirtieth day thereafter (Register 81, No. 41).
2. Amendment of subsection (a) filed 1-20-88; operative 2-19-88 (Register 88, No. 5).

### § 2404. Circumstances in Aggravation of the Base Term.

(a) General. The panel may impose the upper base term or another term longer than the middle base term upon a finding of aggravating circumstances. Circumstances in aggravation of the base term include:

(1) The crime involved some factors described in the appropriate matrix in a category higher on either axis than the categories chosen as most closely related to the crime;

(2) The victim was particularly vulnerable;

(3) The prisoner had a special relationship of confidence and trust with the victim, such as that of employee–employer;

(4) The murder was committed to preclude testimony of potential or actual witnesses during a trial or criminal investigation;

(5) The victim was intentionally killed because of his race, color, religion, nationality or country or origin;

(6) During the commission of the crime the prisoner had a clear opportunity to cease but instead continued;

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Timmy O'Neil Charity

## DEFENDANTS
Phelps, et al

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Timmy O'Neil Charity
1181 Paddock Road
Smyrna, DE 19977
CDC# C-31175

Attorneys (If Known)

**'08 CV 1530 JLS WMC**

FILED
AUG 15 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

❏ 1 U.S. Government Plaintiff
❏ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
❏ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
❏ 110 Insurance
❏ 120 Marine
❏ 130 Miller Act
❏ 140 Negotiable Instrument
❏ 150 Recovery of Overpayment & Enforcement of Judgment
❏ 151 Medicare Act
❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
❏ 153 Recovery of Overpayment of Veteran's Benefits
❏ 160 Stockholders' Suits
❏ 190 Other Contract
❏ 195 Contract Product Liability
❏ 196 Franchise

### REAL PROPERTY
❏ 210 Land Condemnation
❏ 220 Foreclosure
❏ 230 Rent Lease & Ejectment
❏ 240 Torts to Land
❏ 245 Tort Product Liability
❏ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
❏ 310 Airplane
❏ 315 Airplane Product Liability
❏ 320 Assault, Libel & Slander
❏ 330 Federal Employers' Liability
❏ 340 Marine
❏ 345 Marine Product Liability
❏ 350 Motor Vehicle
❏ 355 Motor Vehicle Product Liability
❏ 360 Other Personal Injury

**PERSONAL INJURY**
❏ 362 Personal Injury - Med. Malpractice
❏ 365 Personal Injury - Product Liability
❏ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
❏ 370 Other Fraud
❏ 371 Truth in Lending
❏ 380 Other Personal Property Damage
❏ 385 Property Damage Product Liability

### CIVIL RIGHTS
❏ 441 Voting
❏ 442 Employment
❏ 443 Housing/ Accommodations
❏ 444 Welfare
❏ 445 Amer. w/Disabilities - Employment
❏ 446 Amer. w/Disabilities - Other
❏ 440 Other Civil Rights

### PRISONER PETITIONS
❏ 510 Motions to Vacate Sentence
**Habeas Corpus:**
❏ 530 General
❏ 535 Death Penalty
☒ 540 Mandamus & Other
❏ 550 Civil Rights
❏ 555 Prison Condition

### FORFEITURE/PENALTY
❏ 610 Agriculture
❏ 620 Other Food & Drug
❏ 625 Drug Related Seizure of Property 21 USC 881
❏ 630 Liquor Laws
❏ 640 R.R. & Truck
❏ 650 Airline Regs.
❏ 660 Occupational Safety/Health
❏ 690 Other

### LABOR
❏ 710 Fair Labor Standards Act
❏ 720 Labor/Mgmt. Relations
❏ 730 Labor/Mgmt.Reporting & Disclosure Act
❏ 740 Railway Labor Act
❏ 790 Other Labor Litigation
❏ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
❏ 462 Naturalization Application
❏ 463 Habeas Corpus - Alien Detainee
❏ 465 Other Immigration Actions

### BANKRUPTCY
❏ 422 Appeal 28 USC 158
❏ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
❏ 820 Copyrights
❏ 830 Patent
❏ 840 Trademark

### SOCIAL SECURITY
❏ 861 HIA (1395ff)
❏ 862 Black Lung (923)
❏ 863 DIWC/DIWW (405(g))
❏ 864 SSID Title XVI
❏ 865 RSI (405(g))

### FEDERAL TAX SUITS
❏ 870 Taxes (U.S. Plaintiff or Defendant)
❏ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
❏ 400 State Reapportionment
❏ 410 Antitrust
❏ 430 Banks and Banking
❏ 450 Commerce
❏ 460 Deportation
❏ 470 Racketeer Influenced and Corrupt Organizations
❏ 480 Consumer Credit
❏ 490 Cable/Sat TV
❏ 810 Selective Service
❏ 850 Securities/Commodities/ Exchange
❏ 875 Customer Challenge 12 USC 3410
❏ 890 Other Statutory Actions
❏ 891 Agricultural Acts
❏ 892 Economic Stabilization Act
❏ 893 Environmental Matters
❏ 894 Energy Allocation Act
❏ 895 Freedom of Information Act
❏ 900Appeal of Fee Determination Under Equal Access to Justice
❏ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
❏ 2 Removed from State Court
❏ 3 Remanded from Appellate Court
❏ 4 Reinstated or Reopened
❏ 5 Transferred from another district (specify)
❏ 6 Multidistrict Litigation
❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 2241
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 8/15/2008

SIGNATURE OF ATTORNEY OF RECORD
R Miller

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____