1

2

3

4

5

6

7                  UNITED STATES DISTRICT COURT

8                SOUTHERN DISTRICT OF CALIFORNIA

9

10   TIMMY O'NEIL CHARITY,          )  Civil No. 08-1530-JLS(WMC)
                                     )
11               Petitioner,         )  REPORT AND RECOMMENDATION
     v.                              )  DISMISSING PETITION FOR WRIT
12                                   )  OF HABEAS CORPUS
     PERRY PHELPS,                   )
13                                   )
                 Respondent.         )
14   _____)

15          On August 15, 2008, Petitioner Timmy O'Neil Charity (here-

16   after "Petitioner") a state prisoner proceeding *pro se*, filed a

17   Petition for Writ of Habeas Corpus pursuant to  28 U.S.C. §2254.

18   On September 9, 2008, Petitioner filed a First Amended Petition

19   for Writ of Habeas Corpus (hereafter "FAP").  Respondent Perry

20   Phelps (hereafter "Respondent") has filed an Answer to the FAP.

21   Petitioner has filed a "Motion for Traverse" to Respondent's

22   Answer, which the Court construes as a Traverse.  Respondent

23   asserts the Petition is untimely, and neither statutory nor

24   equitable tolling applies to make the Petition timely. Petitioner

25   contends the Petition is timely.

26          The Court, having reviewed Petitioner's Petition and First

27   Amended Petition, Respondent's Answer, Petitioner's Traverse, the

28   exhibits submitted by Petitioner and the Lodgments submitted by

1  Respondent, finds the Petition is barred by the statute of limita-

2  tions.  Therefore, the Court **RECOMMENDS** that Petitioner's Petition

3  for Writ of Habeas Corpus be **DISMISSED.**

4                                    I

5                          PROCEDURAL HISTORY

6        Petitioner pled guilty to second degree murder.  On

7  May 27, 1981, Petitioner was sentenced to 15 years to life impris-

8  onment. (FAP, Exh. B, pp. 38-40 of 53) Petitioner did not appeal

9  his conviction or sentence. (Traverse, Exh. A at 1, p. 3 of 56)

10 Petitioner contends his maximum parole release date was set for

11 October 15, 1995 and he has not been released on parole.

12       On October 19, 1994, the Board of Prison Terms (hereafter

13 "BPT") denied Petitioner parole for two years. (Traverse, Exh. A

14 at 1, p. 3 of 56)

15       On December 14, 1995, Petitioner appealed the October 19,

16 1994 denial of parole. (FAP, Exh. C, p. 42 of 53) On January 8,

17 1996, Petitioner filed another appeal regarding the denial of

18 parole. (FAP, Exh. C, p. 45 of 53) On January 11, 1996, the

19 January 8, 1996 appeal was denied because the December 14, 1995

20 appeal was still pending. (FAP, Exh. C, p. 44 of 53) The December

21 14, 1995 appeal was eventually denied.[1]

22       On April 5, 1996, Petitioner filed a Petition for Writ of

23 Habeas Corpus in the San Diego Superior Court. (Traverse, Exh. A

24 at 2, p. 4 of 56) The Petition was denied.[2]

25       On October 30, 1996, the BPT denied Petitioner parole for

26 _____

27       [1]Neither Petitioner nor Respondent submitted any record that reflects the
   denial of the December 14, 1995 appeal.

28       [2]Neither Petitioner nor Respondent submitted any record that reflects the
   denial of the Petition. Further, the San Diego Superior Court's records do not
   reflect the date of the denial. (www.sdcourt.ca.gov)

four years. (Traverse, Exh. C, p. 24 of 56) On February 24, 1997,
Petitioner appealed the October 30, 1996 denial of parole. (Tra-
verse, Exh. C, p. 26 of 56) On March 10, 1998, the appeal was
denied. (Traverse, Exh. C, pp. 24-25 of 56)

On or about July 1, 2001[3], Petitioner filed another Peti-
tion for Writ of Habeas Corpus in the San Diego Superior Court.
(Traverse, Exh. A at 2, p. 4 of 56) On November 4, 2001, the
Petition was denied. (Traverse, Exh. A at pp. 33-38 of 56)

After the November 4, 2001 denial noted above, and through-
out 2002, Petitioner filed numerous Petitions for Writ of Habeas
Corpus in the San Diego Superior Court. On January 8, 2003,
Petitioner's last Petition for Writ of Habeas Corpus was denied. (

In the Petitions in the San Diego Superior Court, Peti-
tioner claimed he was not informed he would be denied parole, his
plea agreement had been breached, he was ostensibly serving a
sentence for first degree murder rather than for second degree
murder, the decisions of the BPT denying him parole violated his
due process rights, considering Petitioner's criminal history,
institutional training and rules violations as determining factors
for parole violated his due process rights, members of the BPT's
parole panel are biased, and the BPT acted in an arbitrary and
capricious manner in continuing to deny him parole.

On January 4, 2005, Petitioner filed a Petition for Writ of
Habeas Corpus in the California Supreme Court (Traverse, Exh. G at

---

[3]The San Diego Superior Court's records do not reflect the date the Petition was filed. However, the court's decision denying the Petition referred to in Petitioner's Traverse, Exh. A at 2, p. 4 of 56, alludes to a report prepared on May 24, 2001, which was submitted by Petitioner in connection with his Petition for Writ of Habeas Corpus. (Traverse, Exh. A at 2, p. 34 of 56) Therefore, the Court gives Petitioner the benefit of the doubt and approximates that the Petition was filed on or about July 1, 2001)

1   p. 46 of 56) On December 14, 2005, the Petition was denied.

2       On September 20, 2007, Petitioner filed a Petition for Writ

3   of Habeas Corpus in the California Court of Appeal. (Respondent's

4   Lodgment No. 1) On January 24, 2008, the Petition was denied

5   (Respondent's Lodgment No. 2)

6       On February 1, 2008, Petitioner filed a Petition for Writ

7   of Habeas Corpus in the California Supreme Court. (Respondent's

8   Lodgment No. 3) On July 16, 2008, the Petition was denied with a

9   citation to In re Miller 17 Cal. 3d 734 (1941)[4] (FAP, Exhs. p. 14

10  of 53)

11      On August 15, 2008, Petitioner filed a Petition for Writ of

12  Habeas Corpus in this Court. On September 9, 2008, Petitioner

13  filed the FAP.  The FAP claims (1) the California Department of

14  Corrections breached the terms of Petitioner's plea agreement in

15  violation of his due process rights, and (2) the California Court

16  of Appeal denied Petitioner a fair hearing by ruling on an issue

17  not presented, in violation of his due process rights.

18      On January 16, 2009, Respondent filed an Answer to the

19  Petition.  The Answer contends the Petition is barred by the

20  statute of limitations.

21      On February 13, 2009, Petitioner filed a Traverse to

22  Respondent's Answer.  The Traverse asserts the Petition is timely.

23  ///

24  ///

25  ///

26  ///

27

28      [4]In re Miller holds that a Petition for Writ of Habeas Corpus based on the same grounds set forth in a previous petition which was denied, will be denied where there has been no change in facts or law substantially affecting the rights of the petitioner. 17 Cal. 3d at 735

1                                      II

2                   PETITIONER'S PETITION IS BARRED

3                     BY THE STATUTE OF LIMITATIONS

4       **A.    The AEDPA's One-Year Statute of Limitations**

5              Respondent argues the Petition is barred by the Antiterrorism

6       and Effective Death Penalty Act's ("the AEDPA") statute of limita-

7       tions.   The provisions of the AEDPA apply to petitions for writs of

8       habeas corpus filed in federal court after the AEDPA's effective

9       date of April 24, 1996.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S. Ct.

10      2059, 2068 (1997). Because the Petition was filed on

11      August 15, 2008, the AEDPA applies to this case.

12             Prior to the enactment of the AEDPA on April 24, 1996, "state

13      prisoners had almost unfettered discretion in deciding when to file

14      a federal habeas petition."   <u>Calderon v. United States Dist. Court</u>

15      <u>(Beeler)</u>, 128 F.3d 1283, 1286 (9th Cir. 1997), <u>cert. denied</u>, 118

16      U.S. 897 (1998), <u>overruled on other grounds by</u> <u>Calderon v. United</u>

17      <u>States Dist. Court (Kelly)</u>, 163 F.3d 530, 540 (9th Cir. 1998).

18      "[D]elays of more than a decade did not necessarily bar a prisoner

19      from seeking relief."  <u>Id.</u>

20             With enactment of the AEDPA, a state prisoner's time frame

21      for seeking federal habeas relief was dramatically limited.   The

22      AEDPA amended 28 U.S.C. § 2244 by, in part, adding subdivision (d),

23      which provides for a one-year limitation period for state prisoners

24      to file habeas corpus petitions in federal court.   Section 2244(d)

25      states, in pertinent part:

26                 (d)(1)   A 1-year period of limitation shall apply to an
                   application for a writ of habeas corpus by a person in
27                 custody pursuant to the judgment of a State court.   The
                   limitation period shall run from the latest of –

28

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

©)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)

Analysis of issues regarding the statute of limitations is a threshold before a court may decide the merits of a petitioner's substantive claims. <u>White v. Klitzkie</u> 281 F.3d 920, 921-922 (9th Cir. 2002)

The Ninth Circuit has noted that 28 U.S.C. §2244(d)(1)(D) applies to petitions for writ of habeas corpus challenging the decisions of administrative bodies such as parole boards. <u>Redd v. McGrath</u> 343 F.3d 1077, 1082, n.8 (9th Cir. 2003), <u>Shelby v. Bartlett</u> 391 F.3d 1061, 1063 (9th Cir. 2004)

On October 19, 1994, the BPT denied Petitioner parole for two

1    years.[5]  At that time, Petitioner knew his next parole hearing would

2    be held in or about October 1996, one year after his claimed maximum

3    parole release date of October 15, 1995.  Therefore, pursuant to 28

4    U.S.C. §2244(d)(1)(D), the factual predicate of Petitioner's claim

5    must have been discovered on October 19, 1994.

6          Since the factual predicate for Petitioner's claim arose

7    before enactment of the AEDPA in 1996, Petitioner had one year from

8    April 24, 1996 (April 24, 1997) to file his Petition in this Court.

9    Patterson v. Stewart 251 F.3d 1243, 1245 (9th Cir. 2001) Here, the

10   Petition now pending in this Court was filed on August 15, 2008.

11   Therefore, it is time barred.

12          **1.  Petitioner Is Not Entitled to Statutory Tolling**

13          The statute of limitations is tolled while a "properly filed"

14   state habeas corpus petition is "pending" in the state court. Under

15   the holding of Nino v. Galaza 183 F.3d 1003, 1006 (9th Cir. 1999),

16   the "statute of limitations is tolled from the time the first state

17   habeas petition is filed until the California Supreme Court rejects

18   petitioner's final collateral challenge," provided the petitions

19   were properly filed and pending during that entire time.

20          The statute of limitations is not tolled from the time a

21   final decision is issued on direct state appeal and the time the

22   first state collateral challenge is filed because there is no case

23   "pending" during that interval.  Nino 183 F.3d at 1006

24          The meaning of the terms "properly filed" and "pending" in

25   Nino have been clarified by the United States Supreme Court.  In

26   Carey v. Saffold 536 U.S. 214 (2002), the Court held that the time

27

28          [5]The BPT also denied Petitioner parole on October 5, 1992 for two years,
     October 30, 1996 for four years and July 17, 2001 for three years. (Traverse, Exh.
     A at 1, p. 3 of 56)

between the denial of a petition in a lower California court and the filing of a subsequent petition in the next higher court does not toll the statute of limitations, if the petition is ultimately found to be untimely. Id. at 223-26. In Pace v. DiGuglielmo 544 U.S. 408 (2005), the Court held that statutory tolling is not available for the period a petition is under consideration, if it is dismissed by the state court as untimely. Id. at 413. In Evans v. Chavis 546 U.S. 189 (2006), the Court held, in the absence of a clear indication by the California Supreme Court that a petition is untimely, "the federal court must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." Id. at 197. The Evans Court gave some guidance in making that determination: federal courts must assume (until the California courts state otherwise)California law regarding timeliness does not differ significantly from other states which use thirty or sixty day rules for untimeliness and a six month unexplained delay is presumptively unreasonable.

While statutory tolling may be available for intervals between ascending filings (ie. from Superior Court, to the Court of Appeal, to the Supreme Court), it is not available for the interval between descending filings, unless a petitioner is attempting to remedy a deficiency in the new filing. King v. Roe 340 F.3d 821, 823 (9th Cir. 2003) Statutory tolling is similarly unavailable for the interval between successive filings in the same court. Dils v. Small 260 F.3d 984, 986 (9th Cir. 2001)

In this case, Petitioner's first petition for post conviction relief was filed in the San Diego Superior Court on April 5, 1996. The San Diego Superior Court does not have a record of when the

petition was denied.  Therefore, for purposes of the analysis of the statute of limitations the Court will not consider this Petition.

As previously noted, Petitioner had until April 24, 1997 to file a petition in this Court.  However, Petitioner's first petition for post conviction relief that is relevant to the analysis of the statute of limitations, was a Petition for Writ of Habeas Corpus filed on or about July 1, 2001[6] in the San Diego Superior Court.  On November 4, 2001, the Petition was denied.

Between April 24, 1997 (the date the statute of limitations expired) to July 1, 2001 (the date Petitioner filed his first petition for post conviction relief relevant to the analysis of the statute of limitations), **4 years, 2 months and 7 days** elapsed.

Starting sometime in 2001 through 2002, Petitioner filed numerous Petitions for Writs of Habeas Corpus in the San Diego Superior Court.  On January 8, 2003, the last of these Petitions was denied.  During this time, the statute of limitations was not tolled because the Petitions were successive. Dils, supra.

On January 4, 2005, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court.

Therefore, pursuant to Dils, supra, and Nino, supra, the statute of limitations was not tolled from November 4, 2001 (the date the San Diego Superior Court denied the July 1, 2001 Petition) through 2002, 2003 and 2004 and ending on January 4, 2005 (the date Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court).  From November 4, 2001 to January 4, 2005, **3 years and 2 months** elapsed.

On December 14, 2005, the California Supreme Court denied the

---

[6]See footnote 2.

January 4, 2005 Petition.

Thereafter, on September 20, 2007, Petitioner began a series of descending and successive Petitions for Writs of Habeas Corpus in the California Court of Appeal and the California Supreme Court. The last of the Petitions in this series ended on July 16, 2008, when the California Supreme Court denied the Petition, citing In re Miller 17 Cal. 2d 734 (1941).[7]

Pursuant to King, supra, Dils, supra and Nino, supra, the statute of limitations was not tolled from December 14, 2005 (the date the California Supreme Court denied Petitioner's January 4, 2005 Petition) to August 15, 2008 (the date Petitioner filed a Petition for Writ of Habeas Corpus in this Court), a period of **2 years, 8 months and 1 day**. During this time period, Petitioner engaged in a series of descending and successive filings, or there were no cases pending.

As a result, the statute of limitations was not tolled for **10 years and 8 days** (4 years, 2 months, 7 days + 3 years, 2 months + 2 years, 8 months, 1 day).

Thus, Petitioner is not entitled to statutory tolling and the Petition filed in this Court is untimely.[8]

### 2.   Petitioner Not Entitled to Equitable Tolling of the  Statute of Limitations

The one-year statute of limitations is subject to equitable tolling. Calderon 128 F.3d at 1288. Equitable tolling of the statute of limitations is appropriate where a habeas petitioner

---

[7] See footnote 3.

[8] As previously noted, the one year statute of limitations began on April 24, 1996 and expired on April 24, 1997. On February 24, 1997, Petitioner filed an appeal of the October 30, 1996 denial of parole. On March 10, 1998, the appeal was denied. From February 24, 1997 to March 10, 1998, one year and 14 days elapsed. To the extent that Petitioner was pursuing his administrative remedies, and pursuit of administrative remedies tolls the statute of limitations, the Court's conclusion that the Petition is untimely does not change.

shows: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. <u>Pace v. DiGuglielmo</u> 544 U.S. 408, 418 (2005).   When courts assess a habeas petitioner's argument in favor of equitable tolling, they must conduct a "highly fact-dependent" inquiry. <u>Whalem/Hunt v. Early</u>  233 F.3d 1146, 1148 (9th Cir. 2000), <u>Lott v. Mueller</u> 304 F.3d 918, 923 (9th Cir. 2002) The extraordinary circumstances must be the "but-for and proximate cause" of the untimely filing. <u>Allen v. Lewis</u> 255 F.3d 798, 800 (9th Cir. 2001).

Here, Petitioner has not presented anything to the Court to suggest he was pursuing his rights diligently and/or extraordinary circumstances stood in his way of timely filing.   As a result, Petitioner is not entitled to equitable tolling of the statute of limitations.

III

CONCLUSION

The Court, having reviewed the Petition, First Amended Petition, Respondent's Answer, Petitioner's Traverse,  the exhibits submitted by Petitioner, and the Lodgments submitted by Respondent, finds the Petition was filed beyond the statute of limitations  and not entitled to statutory or equitable tolling of the statute of limitations.  Therefore, the Court **RECOMMENDS** that the First Amended Petition for Writ of Habeas Corpus be **DISMISSED**.

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than <u>March 8, 2010</u>, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections

1    to Report and Recommendation."

2         **IT IS FURTHER ORDERED** that any reply to the objections shall

3    be filed with the Court and served on all parties no later than

4    March 22, 2010. The parties are advised that failure to file

5    objections within the specified time may waive the right to raise

6    those objections on appeal of the Court's order. Martinez v. Ylst,

7    951 F.2d 1153 (9th Cir. 1991).

8         IT IS SO ORDERED.

9    DATED:  February 10, 2010

10

11                                Hon. William McCurine, Jr.
                                  U.S. Magistrate Judge
12                                United States District Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28