| | |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | **SOUTHERN DISTRICT OF CALIFORNIA** |

| | |
|---|---|
| TIMMY O'NEIL CHARITY,<br><br>  Petitioner,<br>vs.<br><br>PERRY PHELPS,<br><br>  Respondent. | CASE NO. 08-CV-1530 JLS (POR)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION, (2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND (3) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Doc. No. 17) |

Presently before the Court is Timmy O'Neil Charity's (petitioner) petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and Magistrate Judge William McCurine, Jr.'s Report and Recommendation ("R&R") advising this Court to dismiss the petition. (Doc. Nos. 1 & 17.)

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the duties of a district court in connection with a magistrate judge's report and recommendation. "The district court must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. 636(b)(1)(c); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *United States v. Raddatz*, 447 U.S. 667, 676 (1980). However, in the absence of timely objection, the Court need "only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

1   In this case, Petitioner has not timely filed objections to Magistrate Judge McCurine's R&R.
2 Thus, the Court has reviewed the R&R for clear error. Finding none, and noting that Judge
3 McCurine's Order is thorough, well reasoned, and no contains no clear error, the Court **ADOPTS** the
4 R&R in full and **DISMISSES** the petition as barred by the statute of limitations.

5   Finally, this Court is under an obligation to determine whether a certificate of appealability
6 should issue in this matter. A certificate of appealability is authorized "if the applicant has made a
7 substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner
8 satisfies this standard by demonstrating that jurists of reason could disagree with the district court's
9 resolution of his constitutional claims or that jurists could conclude the issues presented are adequate
10 to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see
11 also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court must either (1) grant the certificate of
12 appealability indicating which issues satisfy the required showing or (2) state why a certificate should
13 not issue. Fed. R. App. P. 22(b).

14   Since this petition was filed well outside of the limitations period, the Court finds that the
15 Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, no
16 certificate of appealability should issue.

17   IT IS SO ORDERED.

19 DATED: March 16, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge